UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 13-03503-8-SWH |
| | ) | |
| CEDRIC LAMAR MCDOWELL and | ) | Chapter 13 |
| LATOSHIA ADAMS MCDOWELL | ) | |
| | ) | |
| Debtors. | ) | |
| _____) | | |
| | ) | Adversary Proceeding |
| CEDRIC LAMAR MCDOWELL and | ) | |
| LATOSHIA ADAMS MCDOWELL | ) | No. _____ |
| Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILSHIRE COMMERCIAL CAPITAL L.L.C., | ) | |
| D/B/A WILSHIRE CONSUMER CREDIT | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

## COMPLAINT

NOW COME the Plaintiffs, by and through counsel, complaining of the Defendant, alleging and saying as follows:

### Introduction

1.      This is an action for actual and statutory damages brought by individual consumers for Defendant's violation of the North Carolina Consumer Finance Act, Chapter 53, Article 15, N.C.G.S. § 53-164 et seq., and Article 2 of Chapter 75 of the North Carolina General Statutes N.C.G.S. §75-50 et seq, and objection to the Defendant's claim in the Plaintiffs' bankruptcy case.

### Jurisdiction

2.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors and claims against the estate in that case.

3.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

4.      This matter is primarily a core proceeding under 28 U.S.C. §157(b)(2)(B), (b)(2)(C), and (b)(2)(K) and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5.      Venue for this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Parties

6.      Plaintiffs are individuals and residents of Wake County, North Carolina, and are the Debtors in a Chapter 13 Case pending in this court, Case No. 13-03503-8-SWH, filed on June 2, 2013.

7.      Defendant is a limited liability company organized and existing under the laws of the State of California and doing business as Wilshire Consumer Credit.

## Factual Allegations

8.      On or about December 19, 2012, Plaintiffs applied to Defendant for a consumer loan via the Defendant's website.

9.      After a follow-up phone conversation, Defendant agreed to extend credit to the Plaintiffs, and Plaintiffs and Defendant entered an agreement via electronic transaction.

10.      At the time of entering the agreement, Plaintiffs were residents of North Carolina.

11.      A promissory note dated December 19, 2012, recites that the Plaintiffs agreed to repay a principal sum of $4,500.00 by a series of 36 monthly payments in the amount of $261.85. Such loan carried a stated annual percentage interest rate of 56.50%. The Plaintiffs further pledged title to a 2005 Jeep Grand Cherokee, titled in Georgia and bearing the VIN of 1J4GS48K85C676198.

12.      On or about February 13, 2013, Defendant or its agents repossessed the 2005 Jeep Grand Cherokee from the parking lot of the Plaintiffs' leased apartment in Knightdale North Carolina.

13.      Upon information and belief, the Defendant was aware at the time of repossession that Plaintiffs were residing in North Carolina at an apartment located at 1231 Newport Common Dr., Knightdale NC.

14.      At the time of repossession, Plaintiffs were less than 30 days past due on their January 19, 2013 installment payment.

15.      Prior to the repossession, Plaintiffs communicated with the Defendant about the January 19, 2013 payment. Plaintiffs offered to make a payment on or about February 15, 2013, and Defendant accepted those proposed payment terms. Despite such agreement, Defendant nevertheless repossessed the 2005 Jeep prior to the time the payment was anticipated.

16.      The Defendant or its agents made statements calculated to mislead the Plaintiffs as to the Defendant's intentions to accept a late payment as opposed to repossessing the 2005 Jeep.

17.    Defendant required payment of a total of $906.85 prior to returning the 2005 Jeep to the Plaintiffs' possession.

18.    Due to the repossession, Plaintiffs were without the use of the 2005 Jeep for a period of approximately 5 days.

19.    Due to the repossession, Plaintiff Latoshia McDowell had to take time off work, losing a 10-hour day at pay rate of $26.30 an hour, or a total of $263.00.

20.    Subsequent to the repossession, Defendant threatened Plaintiffs with further repossession.

21.    Defendant has threatened Plaintiffs with collection activity on the December 2012 note.

22.    On or about February 18, 2013, Plaintiffs paid $906.85 which was applied to the December 19, 2012 loan.

23.    On or about April 26, 2013, Plaintiffs paid $159.55 which was applied to the December 19, 2012 loan.

24.    Defendant was duly notified of the Plaintiffs' bankruptcy case and filed a claim therein.

### First Cause of Action: Violation the NC Consumer Finance Act

25.    The matters plead in the foregoing paragraphs are incorporated herein by reference.

26.    Plaintiffs' loan is controlled by the North Carolina Consumer Finance Act, Chapter 53, Article 15, at N.C.G.S. §§53-164 et seq. (the "NCCFA").

27.    Defendant advertises online and makes available loans to residents of North Carolina.

28.    Defendant or its agents entered North Carolina to enforce the terms of Plaintiffs' loan in the process of repossessing the 2005 Jeep.

29.    Pursuant to §53-190(b), Defendant, who comes into North Carolina to solicit and conduct activities in regard to its loans in the amount of $10,000 or less, is subject to the requirements of the NCCFA.

30.    Defendant's violations of the NCCFA include, without limitation:

    a.    soliciting and collecting upon loans in North Carolina without a license as required at N.C.G.S. §§53-166(a) and 190(b);

    b.    soliciting and collecting in North Carolina on loans charging interest in excess of 36%, in violation of N.C.G.S.§53-173(b);

    c.    attempting to enforce a loan which is unenforceable in North Carolina, in violation of N.C.G.S. §190(a), and N.C.G.S. §53-166(d);

    d.    attempting to collect principal and interest charges which it had no right to collect, receive or retain, as provided at N.C.G.S. §53-166(d).

31.    Pursuant to N.C.G.S. § 53-166(d), the loan between Plaintiffs and Defendant is void and Plaintiffs are entitled to release of the lien upon their vehicle and return of all payments made upon the loan.

### Second Cause of Action: Declaratory Relief Against Unconscionable Contract

32.    The matters plead in the foregoing paragraphs are incorporated herein by reference.

33.    The terms of the December 19, 2012 contract are unfair, oppressive and unconscionable and should be declared unenforceable.

### Third Cause of Action: Violation of Chapter 75, NC General Statutes

34.    The matters plead in the foregoing paragraphs are incorporated herein by reference.

35.    For purposes of Article 2 of Chapter 75 of the North Carolina General Statutes ("Prohibited Acts by Debt Collectors"), N.C.G.S. §75-50 et seq., the loan transaction described above is a debt, Plaintiffs are "consumers," and Defendant is a "debt collector".

36.    Defendant's debt collection activities, and efforts to collect on a debt which is void, are unfair acts, as defined in N.C.G.S. Chapter 75, Article 2, Prohibited Acts by Debt Collectors, N.C.G.S. §75-50 et seq.

37.    Defendant violated N.C.G.S. §75-50 et seq., when it:

    a.    Deceptively represented its intentions regarding accepting payment on or about on or about February 15, 2013, in violation of N.C.G.S. § 75-54;

    b.    Represented to Plaintiffs that non-payment of the alleged debt might result in seizure not permitted by law, in violation of N.C.G.S. § 75-51(6);

    c.    Threatened to undertake debt collection activity action not permitted by law, in violation of  N.C.G.S. § 75-51(8);

    d.    Falsely represented to Plaintiffs, the character, extent, or amount of a debt, in violation of  N.C.G.S. § 75-54(4).

38.    As provided in N.C.G.S. §75-56, Plaintiffs are entitled to statutory damages in the amount of $4000.00 for each of the occasions when Defendant engaged in prohibited debt collection activity.

39.    Defendant's acts are also unfair and deceptive in violation of N.C. Gen. Stat. § 75-1.1 in that they offend established public policy, and are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead.

40.    Defendant willfully engaged in the complained of acts and practices.

### Fourth Cause of Action: Objection to Claim under 11 U.S.C. § 502

41.    The matters plead in the foregoing paragraphs are incorporated herein by reference.

42.     On September 19, 2013, Defendant filed a claim in the Plaintiffs' bankruptcy case in the amount of $5,260.97, numbered by the court as claim #15.

43.     For the reasons previously alleged herein, such claim is unenforceable against the debtor under applicable law, and should be disallowed in its entirety under 11 U.S.C. § 502(b)(1).

44.     Furthermore, all contractual activity regarding the loan did not occur entirely outside North Carolina, the loan was for $10,000 or less, and carried an interest rate greater than 36%, in contrary to N.C.G.S. § 53-173. Pursuant to N.C.G.S. § 53-190(a), no such loan shall be enforced inside North Carolina. Accordingly, such claim is unenforceable against the debtor under applicable law, and should be disallowed in its entirety under 11 U.S.C. § 502(b)(1).

### Fifth Cause of Action: Avoidance of Lien on Disallowed Claim under 11 U.S.C. § 506

45.     The matters plead in the foregoing paragraphs are incorporated herein by reference.

46.     Upon disallowance of the Defendant's claim under 11 U.S.C. § 502(b)(1), such claim is not an allowed secured claim, and pursuant to Section 506(d) the lien on the 2005 Jeep securing such claim is void.

**WHEREFORE**, Plaintiffs pray the Court to:

1.     Declare that the promissory note and security agreement executed by the Plaintiffs in favor of Defendant is void;

2.     Adjudge the lien on the Plaintiffs' 2005 Jeep to be void and order Defendant to release such lien;

3.     Award Plaintiffs their actual damages in the amount of $1,329.40 or such amount as proved at trial;

4.     Grant Plaintiffs treble damages upon any award of actual damages pursuant to N.C. Gen. Stat. § 75-16;

5.     Grant Plaintiffs statutory damages under N.C. Gen. Stat. § 75-56 in an amount not less than $16,000.00;

6.     Assess the costs of this action and Plaintiffs' reasonable attorney fees against Defendant pursuant to N.C. Gen. Stat. § 75-16.1;

7.     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 11th day of October, 2013

<div style="margin-left:40%">

s/ Erich M. Fabricius
Erich M. Fabricius, NC State Bar No. 39667
Attorney for the Plaintiff-Debtors
Fabricius & Fabricius PLLC
P.O. Box 1230, Knightdale, NC 27545-1230
Telephone: 919-295-6001     Fax: 919-890-3833
Email: emf@fabriciuslaw.com

</div>